ARCHER & GREINER
A Professional Corporation
630 Third Avenue
New York, NY 10017
Attorneys for Plaintiff
RB Hospitality Group, Inc.
BY:   PATRICK PAPALIA, ESQUIRE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RB HOSPITALITY GROUP, INC.. <br><br> Plaintiff, <br><br> v. <br><br> JUNOON LOUNGE & RESTAURANT, INC. d/b/a JUNOOON CAFÉ AND GRILL, <br><br> Defendant. | Civil Action No. _____ <br><br> Electronically Filed <br><br> JURY TRIAL DEMANDED |

### COMPLAINT

RB Hospitality Group, Inc. ("Plaintiff" or "RB"), by way of Complaint against Defendant, Junoon Lounge & Restaurant, Inc. d/b/a Junooon Café and Grill ("Defendant") alleges as follows:

### THE PARTIES

1. RB is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 27 West 24th Street in New York, New York 10010.

2. Defendant is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 179-22 Union Turnpike in Fresh Meadows, New York 11366.

**JURISDICTION AND VENUE**

3. This action arises out of New York common law and the Trademark Act of July 5, 1946, as amended (15 U.S.C. §1051 et. seq. (the "Lanham Act"). The Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (a) and pursuant to 28 U.S.C. §1331 and 1338. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over claims arising under New York law because all of the claims herein arise out of a common nucleus of facts.

4. The Court has personal jurisdiction over Defendant on the ground of general jurisdiction because Defendant maintains a continuous presence within the State of New York and is conducting business in New York. The Court also has personal jurisdiction over Defendant on the ground of specific jurisdiction because it has caused and continues to cause harm to Plaintiff in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c) because Defendant is subject to personal jurisdiction in this District, Plaintiff's principal place of business and the property at issue in this litigation are located in this District, and Plaintiff has suffered substantial injury in this District.

**FACTUAL ALLEGATIONS**

**A.     RB's JUNOON Mark**

6. RB owns and operates an upscale Indian restaurant named "Junoon" located just west of Madison Square Park in Manhattan, New York ("JunoonNYC").

7. RB does business under the name and trademark JUNOON (the "Mark") in offering its restaurant, bar, and catering services at JunoonNYC.

8. Since opening JunoonNYC in or around November, 2010, RB has continuously used the Mark in commerce to identify its services.

9. RB has been operating a website at junoonnyc.com since 2010, maintaining an active Instagram account with the name @junoonnyc, maintaining a Facebook page utilizing the Mark, as well as undertaking other promotional activities.

10. RB has widely promoted the Mark over the past eight years, including by use of online and print advertising, social media accounts, and public relations efforts resulting in restaurant reviews, news articles, blog posts, and video segments about JunoonNYC.

11. JunoonNYC has been the subject of unsolicited media coverage, including but not limited to a positive review in the New York Times in 2011 and a "Best of Award of Excellence" by Wine Spectator in 2017.

12. Additionally, in 2018, JunoonNYC was awarded a Michelin star for the eighth year in a row.  JunoonNYC is currently the only Indian restaurant in New York City with a Michelin star.

**B.**    **RB's Incontestable Registration**

13. On April 26, 2007, RB's predecessor in interest applied to register the Mark as a standard character mark with the United States Patent and Trademark Office (the "PTO") on an intent-to-use basis.

14. On February 15, 2011, the PTO approved the application and issued a Certificate of Registration under Registration Number 3,920,020 (the "Registration").  A copy of the Registration is attached as Exhibit 1.

15. The description of services listed on the Registration in International Class 043 includes, "Restaurant services, bar services, catering services, providing facilities for social functions, banquets, and special events."

16. On October 2, 2014, RB's predecessor-in-interest assigned all of its interest and goodwill in the Mark and the Registration to RB.

17. On February 11, 2017, RB filed a Combined Declaration of Use and Incontestability with the PTO pursuant to 15 U.S.C. § 1065 for its Registration of the Mark.

18. On April 12, 2017, the PTO acknowledged RB's Combined Section 8 & 15 declaration, making RB's Registration incontestable.

C. **Defendant's Unauthorized Activities**

19. Defendant owns a restaurant located in the borough of Queens, New York, just thirteen (13) miles from JunoonNYC.

20. On information and belief, Defendant opened its restaurant in or around November, 2017 and has been doing business as "Junooon Café & Grill" since then.

21. On information and belief, Defendant uses both JUNOON and JUNOOON (collectively, the "Infringing Marks") in connection with its business and restaurant.

22. On information and belief, Defendant is a hookah lounge and casual restaurant that sells "halal" food, including kabobs, salads, and sandwiches.

23. On or around October 15, 2018, RB became aware of Defendant's restaurant.

24. On October 17, 2018, Plaintiff's counsel contacted Defendant via certified letter and instructed Defendant to cease using the Infringing Marks or any other term confusingly similar to the Mark.

25. In the letter, Plaintiff demanded that Defendant cease its infringing conduct, formally placing Defendant on notice not only of Plaintiff's rights in the Mark, but of the specific commercial damage being caused by Defendant's conduct

26. Defendant has not responded to Plaintiff's letter.

## FIRST CAUSE OF ACTION
## Trademark Infringement
## 15 U.S.C. §1114(1)

27. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

28. Plaintiff's registration for the Mark is in full force and effect, and the trademark thereof and the goodwill of the business of Plaintiff in connection with which its trademark is used has never been abandoned.

29. Plaintiff's registration for the Mark is incontestable.

30. Plaintiff intends to continue to preserve and maintain its rights with respect to its trademark registration for the Mark.

31. Plaintiff's Mark and the goodwill associated therewith is of inestimable value to Plaintiff.

32. Upon information and belief, Defendant commenced its unauthorized use of the Infringing Marks with full knowledge of and by reason of the fact that the Mark is highly valuable.

33. Defendant's use of the Infringing Marks has been without the consent of the Plaintiff.

34. The activities of Defendant complained of herein constitute willful and intentional infringement of the Mark as protected by the respective Registration set forth above. Defendant has acted in complete disregard of Plaintiff's rights and in spite of Defendant's knowledge that its unauthorized use of the Mark or any mark likely to be confused therewith infringes Plaintiff's rights.

35. Defendant's infringement of the Mark is likely to cause confusion and mistake in the minds of the purchasing public.

36. Defendant's infringement of the Mark tends to and does falsely create the impression that the services provided by Defendant are authorized, sponsored, or approved by Plaintiff.

37. Alternatively, or in addition to the foregoing, Defendant's infringement of the Mark is likely to cause reverse confusion, tending to and falsely creating the impression that the services sold by Plaintiff are either authorized, sponsored, or approved by Defendant or the false impression that Plaintiff is infringing on the rights of Defendant.

38. Plaintiff is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

## SECOND CAUSE OF ACTION
### False Designation of Origin and False Description
### 15 U.S.C. §1125(a)(1)(A)

39. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

40. Upon information and belief, Defendant has used in connection with the sale of its services, false designations of origin and false descriptions and representations that tend falsely to describe or represent its services.

41. Upon information and belief, Defendant has caused the aforementioned services to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff.

42. Defendant's use of the Infringing Marks constitutes the use of false designations of origin and false descriptions and representations tending falsely to describe or represent services sold by Defendant.

43. Upon information and belief, Defendant has distributed, offered for sale or sold its services under the Infringing Marks with the express intent to cause confusion and mistake, to

deceive and mislead the purchasing public, to trade upon the reputation of Plaintiff, and improperly to appropriate the valuable trademark rights of Plaintiff.

44. Alternatively, or in addition to the foregoing, Defendant's conduct causes reverse confusion, tending to and falsely creating the impression that the services sold by Plaintiff are either authorized, sponsored, or approved by Defendant or the false impression that Plaintiff is infringing on the rights of Defendant.

45. Plaintiff is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined and has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### N.Y. Deceptive Business Practices
### Gen. Bus. L. § 349

46. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

47. Upon information and belief, Defendant has misappropriated and used the Infringing Marks in connection with its services in order to wrongfully exploit the goodwill and reputation associated with Plaintiff's Mark.

48. Upon information and belief, Defendant's use of the Infringing Marks has resulted in or threatened to cause confusion, or in the alternative, reverse confusion, causing harm to consumers in violation of N.Y. Gen. Bus. L. § 349.

49. Plaintiff is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined and has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
**Unfair Competition under the Common Law**

50. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

51. Upon information and belief, Defendant has misappropriated the Infringing Marks in connection with its services in bad faith in order to wrongfully exploit the goodwill and reputation associated with Plaintiff's Mark.

52. Upon information and belief, Defendant's use of the Infringing Marks has resulted in or threatened to cause confusion, or in the alternative, reverse confusion.

53. The acts complained of herein constitute unfair competition, trademark infringement and tortious misappropriation under the common law of New York.

54. Plaintiff is suffering irreparable harm and damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined and has no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

55. For actual damages suffered by Plaintiff and for disgorgement of Defendant's profits as a result of Defendant's actions described herein;

56. For permissible trebled damages pursuant to 15 U.S.C. §1117;

57. For permissible statutory damages pursuant to 15 U.S.C. §1117;

58. For an award of compensation and restitution for the benefits Defendant received through its material misrepresentations and wrongful use of the Infringing Marks;

59. For attorney's fees, interest, and costs of suit;

60.     For a permanent injunction restraining Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the injunction order by personal service or otherwise, from:

a.      Using the Infringing Marks, or any variation of the Mark, in Defendant's business name;

b.      Using the Infringing Marks, or any variation of the Mark, in Defendant's website domain(s); and

c.      Using the Infringing Marks, or any variation of the Mark, in Defendant's advertising that would cause a likelihood of confusion as to sponsorship, affiliation, or association between Plaintiff and Defendant.

61.     For a permanent injunction ordering Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the injunction order by personal service or otherwise, to:

a.      Destroy all labels, stickers, signs, prints, packages, wrappers, receptacles, advertisements, apparel, merchandise and other written or printed material in their possession, custody or control that bear the Infringing Marks, alone or in combination with any other words, marks or other elements;

b.      File a name change with all appropriate corporate and regulatory authorities ceasing and abandoning Defendant's registration and use of the Infringing Marks, and any other term confusingly similar to Plaintiff's Mark; and

c.      Contact Yelp, Opentable, and all other third-party online websites with records, listings, or pages related to Defendant's restaurant to request that such records, listings, or pages be deleted.

62. Such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues amenable thereto.

ARCHER & GREINER
A Professional Corporation
630 Third Avenue
New York, NY 10017
212-682-4940
Attorneys for Plaintiff,
RB Hospitality Group, Inc.


BY:_____
     PATRICK PAPALIA, ESQ.

Dated: January 2, 2019.

215501599v3